IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 20, 2016

**TINA DAWN GARNER v. SCOTT WHITNEY GARNER**

**Appeal from the General Sessions Court for Hardin County**
**No. 8763     Daniel L. Smith, Judge**

———————————————

**No. W2016-01213-COA-T10B-CV – Filed August 10, 2016**

———————————————

This accelerated interlocutory appeal arises from the trial court's denial of Appellant's motion for recusal. Having reviewed the trial court's ruling on the motion for recusal pursuant to the de novo standard of review required under Tennessee Supreme Court Rule 10B, we affirm the judgment of the trial court.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and THOMAS R. FRIERSON, II, JJ., joined.

Ryan Hagenbrok, Savannah, Tennessee, for the appellant, Scott Whitney Garner.

Joe Brown, Savannah, Tennessee, for the appellee, Tina Dawn Garner.

**OPINION**

**I.     Background**

The underlying case involves Appellant Scott Whitney Garner ("Husband") and Appellee Tina Dawn Garner's ("Wife") divorce. On March 31, 2016, Wife filed a complaint for divorce, in which she asked to be named primary residential parent of the parties' ten-year-old son. Concurrently with his answer, Husband filed a counter-claim for divorce on April 21, 2016. Husband also asks that he be named primary residential parent of the parties' son. Shortly after filing his answer and counter-claim, Husband filed a motion for recusal of Judge Daniel L. Smith.

Husband's motion for recusal involves an April 13, 2011 order entered by Judge Smith on a petition filed by the Department of Children's Services ("DCS") regarding Wife's daughter from a previous relationship and the parties' son. With regard to Wife's daughter, Judge Smith found that Husband had committed rape of a child as defined by Tennessee Code Annotated section 39-13-522 and severe child abuse as defined in Tennessee Code Annotated section 36-1-102. Judge Smith's order found both Wife's daughter and the parties' son to be dependent and neglected under the law. Husband appealed Judge Smith's ruling to the Circuit Court of Hardin County. On *de novo* review, the circuit court found that the DCS failed to carry its burden of proof and dismissed the proceedings against Husband.[1]

In Husband's motion for recusal, he argues that Judge Smith cannot fairly and impartially determine the custody of the parties' son due to the trial court's prior determination that Husband committed severe child abuse and the rape of a child. On June 3, 2016, the trial court entered an order denying Husband's motion for recusal. The order provides in pertinent part:

> Husband's attorney in his affidavit states that he believes that his client will be prejudiced due to the previous finding of severe child abuse. He alleges no other facts, including any facts that would lead to the conclusion that the court has a personal bias or prejudice against Husband or has personal knowledge of any facts that are in dispute in this proceeding. This allegation is without merit.
>
> ***
>
> In the Juvenile Court proceedings where the court found that Husband had committed severe child abuse, the child was not a child of the parties but was the daughter of Tina Dawn Garner, Plaintiff/Counter-Defendant, hereinafter referred to as "Wife" and her previous husband. At the merit hearing, the Department of Children's services, the petitioner in that case, presented its evidence concerning the allegations of severe child abuse against the step-daughter allegedly perpetrated by Husband. There were no allegations of severe child abuse against the minor child of the parties. After [DCS] presented its proof, Husband stated in open court that he was exercising his Fifth Amendment right against self-incrimination and refused to testify in the juvenile proceedings. Based on the petitioner's proof and the lack of proof presented by Husband, the court made a finding that Husband committed severe child abuse against his step-daughter.
>
> Husband alleges that this was a wrongful conclusion because on appeal, the Hardin County Circuit Court did not find that he had committed severe child abuse. An appeal from the juvenile court to circuit court is de novo, i.e., the Circuit Court does not simply look at the record and make a finding that

---

[1] The circuit court order indicates that the alleged victim was not present for the proceedings.

the Juvenile Court made a wrong or right decision but conducts an entirely new trial. . . . Husband's contention that the court is prejudiced against him because the circuit court judge did not make a similar finding of severe child abuse at the de novo hearing is without merit.

On June 17, 2016, the Appellant filed a timely appeal of the trial court's ruling. Appellant's petition for recusal appeal is accompanied by several documents that were filed in the trial court, including Appellants' motion for recusal and the trial court's order denying the recusal motion. On June 24, 2016, this Court entered an order directing Wife to file an answer to the petition. As of the filing of this opinion, Wife has not filed a response as directed, nor has she acknowledged the existence of the order. Notwithstanding Wife's failure to respond, we will proceed to consider the substantive issue raised on appeal. After a review of the petition, we conclude that oral argument is unnecessary. As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of Tennessee Supreme Court Rule 10B and will consider the case only on the submissions of the Appellant and the attachments thereto.

## II. Issue

When reviewing a Tennessee Supreme Court Rule 10B appeal, the only order this Court may review is the trial court's order that denies a motion to recuse. *Duke v. Duke,* 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) ("Pursuant to [Tennessee Supreme Court Rule 10B], we may not review the correctness or merits of the trial court's other rulings[.]"). Accordingly, the sole issue is whether the trial court erred in denying the Appellant's motion for recusal. *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015).

## III. Standard of Review

The 2012 adoption of Tennessee Supreme Court Rule 10B requires appellate courts to review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B, §2.01. The party seeking recusal bears the burden of proof, and "any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case." *Williams by & through Rezba*, 2015 WL 2258172, at *5 (citing *McKenzie v. McKenzie,* No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *3 (Tenn. Ct. App. Feb. 11, 2014)).

## IV. Analysis

Husband's motion for recusal is based on the premise that the trial court is biased against Husband because, in 2011, the same trial judge found Husband guilty of severe child abuse, which included the rape of a child pursuant to Tennessee Code Annotated section 39-

13-522. Based on this finding and the fact that the circuit court, on de novo review, reached a different conclusion, Husband argues that the trial court will not be able to impartially determine custody of the parties' ten-year-old son.

"'The right to a fair trial before an impartial tribunal is a fundamental constitutional right[,]'" *Bean v. Bailey*, 280 S.W. 3d 798, 803 (Tenn. 2009) (quoting **State v. Austin**, 87 S.W. 3d 447, 470 (Tenn. 2002)), and it remains "important to preserve the public's confidence in a neutral and impartial judiciary." *Id.* (quoting *Bd. Of Prof'l Resonsibility v. Slavin*, 145 S.W. 3d 538, 548 (Tenn. 2004)); s*ee also* Tenn. Const. Art. VI, § 11. This constitutional right "is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'" *Id.* (quoting *Austin*, 87 S.W.3d at 470). As the Tennessee Supreme Court has said:

> [O]ne of the core tenets of our jurisprudence is that litigants have a right to have their cases heard by fair and impartial judges. *Kinard v. Kinard*, 986 S.W.2d 220, 227 (Tenn. Ct. App. 1998) Accordingly, judges must conduct themselves at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary and shall not be swayed by partisan interests, public clamor, or fear of criticism. Tenn. S. Ct. R. 10, Cannon 2(A), 3(B)(2).

*Davis v. Liberty Mut. Ins. Co.,* 38 S.W.3d 560, 564 (Tenn. 2001). "If the public is to maintain confidence in the judiciary, it is required that cases be tried by unprejudiced and unbiased judges." *Smith v. State*, 357 S.W.3d 322, 340 (Tenn. 2011) (internal citations omitted).

The question of whether a judge should recuse himself or herself due to bias involves two inquiries. The first is whether the judge has actual bias; the second is whether his or her impartiality might reasonably be questioned, even though no actual bias exists. *In re Bridgestone Corp.*, No M2013-00637-COA-10B-CV, 2013 WL 1804084, at *2 (Tenn Ct. App. 2013), *perm. app. denied* (Tenn. June 11, 2013).

The terms "bias" and "prejudice" generally "refer to a state of mind or attitude that works to predispose a judge for or against a party"; however, "[n]ot every bias, partiality, or prejudice merits recusal." *Alley v. State,* 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). To merit disqualification of a trial judge, "prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from ... participation in the case.'" *Id.* However, "[i]f the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge." *Id.*

- 4 -

Furthermore, "[a] trial judge's adverse rulings are not usually sufficient to establish bias." ***State v. Cannon***, 254 S.W.3d 287, 308 (Tenn. 2008). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." ***Alley v. State***, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). "If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage, which the courts frown upon." ***Duke v. Duke***, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012) (quoting ***Davis v. Liberty Mut. Ins. Co.***, 38 S.W.3d 560, 565 (Tenn. 2001)). As our Supreme Court has previously explained:

> [T]he mere fact that a judge has ruled adversely to a party or witness in a prior judicial proceeding is not grounds for recusal. Given the adversarial nature of litigation, trial judges necessarily assess the credibility of those who testify before them, whether in person or by some other means. Thus, the mere fact that a witness takes offense at the court's assessment of the witness cannot serve as a valid basis for a motion to recuse. If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage, which the courts frown upon.

***Davis v. Liberty Mut. Ins. Co.***, 38 S.W.3d 560, 565 (Tenn. 2001) (internal citations omitted).

In this case, Mr. Garner does not aver that Judge Smith has any personal prejudice toward him, nor does Appellant's motion for recusal indicate any facts known to Judge Smith that come from an extrajudicial source. A claim of bias or prejudice must be based on facts, not speculation or innuendo. Therefore, Appellant "must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned." ***Eldridge v. Eldridge***, 137 S.W.3d 1, 7 (Tenn. Ct. App. 2002) (quoting ***Davis v. Tenn. Dep't of Employment Sec.***, 23 S.W.3d 304, 313 (Tenn. Ct. App. 1999)); *see* ***Todd v. Jackson***, 213 S.W.3d 277, 282 (Tenn.Ct.App.2006); *see also* ***Runyon v. Runyon***, No. W2013-02651-COA-T10B, 2014 WL 1285729, at *9 (Tenn. Ct. App. Mar. 31, 2014). As stated by Judge Smith in the order denying recusal, Husband's attorney "alleges no other facts, including any facts that would lead to the conclusion that the court has a personal bias or prejudice against Husband or has personal knowledge of any facts that are in dispute in this proceeding." After a careful review of Mr. Garner's motion to recuse and the supporting documents contained in the record, we cannot conclude that Judge Smith has any knowledge of this case from any source other than presiding over the case in juvenile court. Accordingly, we conclude that Judge Smith does not have any actual bias against Husband.

The second prong of an inquiry on bias requires this Court to review whether the impartiality of the trial court might reasonably be questioned, even though no actual bias

exists. "A trial judge should grant a recusal motion when 'a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" **State v. Hester**, 324 S.W.3d 1, 73 (Tenn. 2010) (quoting **Bean**, 280 S.W.3d at 805); *see also* **Cotham v. Cotham**, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at *3 (Tenn. Ct. App. Mar. 30, 2015).

"[P]reservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." **Kinard v. Kinard**, 986 S.W. 2d at 228; *see also* **Offutt v. United States**, 348U.S. 11, 14 (1954)(holding that "justice must satisfy the appearance of justice"). Therefore, even if a judge subjectively believes he or she can be fair and impartial, the judge must nonetheless recuse himself or herself whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias.'" **Smith v. State**, 357 S.W.3d 322, 341, (Tenn. 2011)(quoting **Bean v. Bailey**, 280 S.W. 3d 798, 805 (Tenn. 2009)).

In this case, Appellant argues that, having previously found that Appellant committed severe child abuse, Judge Smith will be prejudice against Husband in making a custody determination for the parties' ten year old son. In other words, Husband assumes that Judge Smith has prejudged him, thus creating an insurmountable hurdle such that Husband could never obtain a favorable custody determination. However, as Judge Smith points out in his order denying recusal, Husband refused to testify in the juvenile court proceedings. This Court cannot conceive of a contested custody action in which a trial court could fashion a parenting schedule in the best interest of the child without first hearing testimony from both parents. Husband has not presented any facts indicating that the trial court will not give Husband's testimony the full weight, faith, and credit it deserves if he testifies in the custody proceeding.

Additionally, Tennessee Code Annotated Section 36-6-106 was amended on July 1, 2016 to include the following language:

> If the petitioner knows whether a child has ever been adjudicated by a court as a dependent and neglected or abused child or whether any party to the action has ever been adjudicated by a court as the perpetrator of dependency and neglect or abuse of a minor child, any petition regarding child custody shall include an affirmative statement setting out all applicable adjudications. If an adjudication has occurred as a result of a child protective services investigation, the court may order the department of children's services to disclose information regarding the investigation to protect the child from abuse or neglect consistent with § 37-1-612(h). The court shall consider any such information as a factor in determining the child's best interest.

Tenn. Code Ann. §36-6-106. Under the statute, therefore, we must assume that any trial judge assigned to adjudicate the divorce of Mr. and Mrs. Garner will have access to the information obtained by DCS in its previous investigation. Given the impact of this newly enacted legislation, we cannot conclude that Judge Smith's impartiality can reasonably be questioned because he has knowledge of the evidence and information adduced during DCS's previous investigation.

## V.     Conclusion

For the foregoing reasons, we affirm the trial court's order denying the motion for recusal. The case is remanded to the trial court for such further proceedings as are necessary and consistent with this Opinion. Costs of the appeal are assessed against the Appellant, Scott Whitney Garner, and his surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE